| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**RICHARD S. HOFFMAN, JR., ESQ. (#RH-9353)**<br>**HOFFMAN DiMUZIO**<br>**A Partnership of Professional Corporations**<br>412 Swedesboro Road<br>Mullica Hill, New Jersey 08062<br>(856) 694-3939<br>Attorneys for Debtor | |
| In Re:<br><br>James M. White<br>　　　　　　　　　Debtor | Case No.:　　　25-11363<br><br>Hearing Date:　　June 10, 2025 @ 10AM<br><br>Judge:　　　　　ABA |

## OPPOSITION TO MOTION FOR RELIEF FROM STAY AND EXTENDING TIME TO OBJECT TO DISCHARGE AND DISCHARGEABILITY

Debtor, James M. White, respectfully represents:

1. I filed a Chapter 13 Petition on February 10, 2025 under Case No. 25-11363/ABA.

2. Creditor Elias Alper has filed a Motion for Relief from Stay in order to proceed with an ongoing action filed by the creditor in state court related to my prior business, Novus Properties, LLC. I am also named personally as a party to the action. The case is listed under ATL-L-1886-24 – *Elias Alper v. Novus Properties, LLC and James White*.

3. I understand that the state court action may be necessary to determine the amount due to Mr. Alper, if any, but the fact of whether his claim should be considered nondischargeable is more pressing.

4. As Mr. Alper states in the certification to this Motion, among the alleged violations of his state court complaint is violation of the Consumer Fraud Act and fraudulent misrepresentation, among other claims.

5. While I do not admit any fault related to those claims here, I would like to clarify that the state court standard to prove these matters is different than that under 11 U.S.C. § 523(a)(2)(A). *See, e.g. Rock Real Estate Ventures LLC v. Schneider (In re Schneider),* Nos. 19- 30818 (VFP), 20-1060 (VFP), 2021 Bankr. LEXIS 3433, at *40 (Bankr. D.N.J. Dec. 15, 2021) (Stating that many bankruptcy courts have held that a violation of the NJCFA is not necessarily sufficient to prove nondischargeability.)

6. I believe it would be more convenient, cost-effective, and expedient for all parties involved if the bankruptcy court were to first resolve whether or not the claim is nondischargeable before going back to state court. If the claim is found to be dischargeable, then there likely is no need to return to state court, but in the alternative, if the state court case finds in favor of Mr. Alper, we will still need to return the bankruptcy court thereafter.

7. Regarding Mr. Alper's request to Extend Time to Object to Discharge, I do not object to this extension because the instant Motion was filed on the last day of the standard objection period, but I believe any objection should be limited to 11 U.S.C. §523(a)(2)(A) as it was the only potential exception to discharge discussed in the paperwork.

**WHEREFORE,** the Debtors respectfully requests that this Honorable Court deny the Motion for Relief from Stay.

Dated:  5/22/2025                                                   /s/ James M. White
                                                                          James M. White
                                                                          Debtor