LAW OFFICES

# HOFFMAN ♦ DIMUZIO

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS



JOSEPH J. HOFFMAN, JR.
KENNETH A. DIMUZIO, SR.
ERNEST L. ALVINO, JR.
PETER J. BONFIGLIO, III
DONALD CARUTHERS, III
NICHOLAS M. BENEDETTI
VINCENT A. CAMPO*
ROBERT P. GROSSMAN
MICHAEL W. GLAZE
CHRISTINE DIMUZIO SOROCHEN
CRISTIE R. NASTASI
KENNETH A. DIMUZIO, JR.
JAMES M. CARTER
JAMES S. TAYLOR
JOSEPH J. HOFFMAN, III
RICHARD S. HOFFMAN, JR.
RYAN S. HOFFMAN
ANOOSHAY ASIM

OF COUNSEL:
CHARLES J. SPRIGMAN, JR.
JOSEPH J. SLACHETKA
ROBERT J. WILTSEE
J.R. POWELL

* Licensed in NJ & PA

Direct Dial: (856) 694-3939
Facsimile: (856) 812-0678
RSHoffman@HoffmanDiMuzio.com

412 Swedesboro Road
Mullica Hill, NJ 08062

March 10, 2026

OTHER LOCATIONS TO SERVE YOU:

25-35 Hunter Street
Post Office Box 7
Woodbury, New Jersey 08096
Telephone: (856) 845-8243
Facsimile: (856) 845-2302

1739-1753 Delsea Drive
Post Office Box 285
Franklinville, New Jersey 08322
Telephone: (856) 694-0306
Facsimile: (856) 694-2737

4270 Route 42
Turnersville, New Jersey 08012
Telephone: (856) 637-3000
Facsimile: (856) 637-3001

515 Woodbury-Glassboro Road
Post Office Box 445
Sewell, New Jersey 08080
Telephone: (856) 256-9222
Facsimile: (856) 256-9220

100 North 20th Street
Suite 303
Philadelphia, Pennsylvania 19103
Telephone: (215) 279-9555

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
400 Cooper Street
Camden, NJ 08101

> **Re:   James M. White**
> **Case No. 25-11363/ABA**
> **Debtor's Response to Trustee's Objection to Eligibility Claimed by Debtor**

Dear Judge Altenburg:

Kindly accept this correspondence in response to the Chapter 13 Trustee's Objection to Eligibility Claimed by Debtor. This filing is made on behalf of the Debtor in lieu of a more formal brief.

The Chapter 13 Trustee has filed this Objection asserting that Mr. White is ineligible to be a Chapter 13 Debtor due to the filed claims exceeding the debt limits found in 11 U.S.C. § 109(e). It is our opinion that this objection is premature and should either be overruled or held until a later date.

As Your Honor is aware, the largest filed claim in this matter is by the creditor Elias Alper. Mr. Alper filed a Motion for Relief from the Automatic Stay on May 12, 2025 (Dkt. No. 16). An order was entered on June 11, 2025 (Dkt No. 18) which allowed Mr. Alper to proceed in state court in the matter of Elias Alper v. Novus Properties LLC and James White, Docket No. ATL-L-001886-24 (N.J. Super. Ct. Law Div.) specifically to determine the causes of action related to exceptions from discharge. This matter is still pending in state court.

HOFFMAN ♦ DiMUZIO

While this matter is pending, and the creditor has not obtained any judgment against the debtor.  The calculation for Mr. Alper's claim is based on a trebling of damages by claiming fraud and violations of the Consumer Fraud Act by the debtor in the state court proceeding.  However, that has yet to be proved and the claim is contingent upon the outcome of the state court proceeding.

11 U.S.C. § 109(e) refers only to "noncontingent, liquidated, unsecured debts".  Until a determination is made in the state court as to the value and nature of the claim by Mr. Alper, it is contingent and therefore does not violated the requirements of the Bankruptcy Code.

We therefore believe that the Objection filed by the Chapter 13 Trustee should be overruled or held until the state court matter is resolved.  Thank you for your consideration in this matter.


Very truly yours,

Hoffman ♦ DiMuzio

Richard S. Hoffman, Jr., Esquire

RSH/tr