# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*                                          *Lu'Shell K. Alexander\**
*Jennifer R. Gorchow, Staff Attorney*                      *Jennie P. Archer\**
*William H. Clunn, III, Staff Attorney*                      *Kelleen E. Stanley\**
                                                                          *Kimberly A. Talley\**


*\*Certified Bankruptcy Assistant*

March 13, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

       **RE:**    **Chapter 13 Bankruptcy**
               **Case No. 25-11363 (ABA)**
               **Debtor(s) Name: James M. White**

Dear Judge Altenburg:

Please accept this letter as a supplemental response to the Trustee's Objection to Eligibility, which is returnable Tuesday, March 17, at 10:00 a.m.

In their response, Debtor asserts that the Trustee's Objection to Eligibility is premature as the state court action supporting the claim of Elias Alper in the amount of $1,013,126.20 (Proof of Claim No. 3) is pending, therefore making the claim contingent and excluded from calculation pursuant to 11 U.S.C §109(e). This contention appears to conflate a contingent claim with a claim that has yet been reduced to judgment, or perhaps claims that are disputed.

11 U.S.C §101(5)(a) defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Each of these terms is separate and we must assume intentionally chosen. 11 U.S.C §109(e) focuses on contingent, liquidated, and unliquidated claims. A contingent claim is:

> [a] debt [in] which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

In re Pennpacker, 115 B.R. 504 (Bankr. E.D. PA 1990), citing In re All Media Properties, Inc, 5 B.R. 126, 133 (Bankr. S.D.Tex 1980).

The basis for Proof of Claim No. 3, amongst other issues, is breach of contract. Even if a debtor disputes the breach of contract or that amount of damages, the claim

Cherry Tree Corporate Center                                          **Payments Only:**
535 Route 38
Suite 580                                                                      **P.O. Box 1978**
Cherry Hill, NJ 08002                                                **Memphis, TN 38101-1978**
(856) 663-5002

itself is non-contingent as the debtor became liable upon entering the contract. In re Corson, 2004 WL 5865045 (Bankr. E.D.PA 2004). The future event that changes a contingent debt to non-contingent is not a "judicial determination as to liability." Furthermore, disputing liability does not make a valid claim contingent. In re Mazzeo, 131 F.3d 295, 303 (2d Cir 1997).  Per Proof of Claim No. 3, the contract and all events surrounding the performance and the alleged breach all occurred prior to the filing of the bankruptcy petition. There is no precipitating event that has yet to occur to establish liability. This claim, although disputed, is not contingent and must be included in determining eligibility pursuant to 11 U.S.C §109(e).

Although Debtor does not address the issue of liquidated versus unliquidated claims, the Standing Trustee has maintained in previous matters, a liquated claim is one where the amount is known or can be readily determined by a simple computation. 2 Collier on Bankruptcy. P. 10906(2)(c) (16th ed. 2024). The necessity of a valuation hearing would not render a claim unliquidated.

Proof of Claim No. 3 comprises of a copy of the pending lawsuit with a breakdown of the amount of the claim, the contract, and proof of payments to the Debtor. The valid Proof of Claim provides a simple mathematical formulation to calculate damages pursuant to N.J.S.A 56:8-1, The New Jersey Consumer Fraud Act. It is the Trustee's contention that the amount of Proof of Claim No. 3 could be easily established by the creditor at a hearing, therefore the claim is liquidated.

Eligibility under 109(e) is not concerned with whether liability for a claim has been established by a state court. If in the future the Debtor successfully challenges the claim, they could refile for Chapter 13 protections once they are eligible. Proof of Claim No. 3 is valid, and there have been no objections stating otherwise. The events that are the basis of this claim occurred prior to the filing of the bankruptcy petition and the claim is non-contingent.  The amount of this valid claim far exceeds the eligibility threshold for a Chapter 13 debtor under 109(e), rendering the Debtor ineligible for Chapter 13.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

s/ Joni L. Gray
Joni L. Gray
Counsel for Andrew B. Finberg,
Chapter 13 Standing Trustee

JLG/jpa
cc:    Richard Hoffman, Esquire (Via ECF/CM)
       James M. White

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page 2 of 2